**In the Matter of Richard Ralph GEDDES, Debtor.**

**C. Susan GEDDES, individually and as Next Friend to her son, Richard Alan Geddes, a Minor, Plaintiff,**

v.

**Richard Ralph GEDDES, Defendant.**

Bankruptcy No. 87–510.
Adv. No. 88–17.

United States Bankruptcy Court,
D. Delaware.

June 15, 1989.

Paulette Sullivan Moore, Wilmington, Del., for debtor/defendant.

Brooke Schum, III, Baltimore, Md., for plaintiff.

## BENCH DECISION

HELEN S. BALICK, Bankruptcy Judge.

The parties have filed cross-motions for summary judgment on the question of whether certain obligations of the debtor, Richard Ralph Geddes, are dischargeable in his Chapter 7 case.

The parties, Susan and Richard Ralph Geddes, were divorced on November 18, 1986 following 15 years of marriage which produced a son, Richard Alan, born June 20, 1970. Richard Ralph and Susan were the owners as tenants by the entireties of their marital home.

On October 28, 1986, the day before Richard Ralph filed a complaint in divorce, he and Susan entered into a property settlement and separation agreement. That agreement, drafted by Richard Ralph's attorney, released each spouse as to the other from any obligation of support or alimony. It also provided in ¶ 13 as follows:

13. It is fully understood and agreed between the parties hereto that in lieu of the Husband making child support payments to the Wife for the support and maintenance of said minor child:

a. The wife shall have the use and possession of the marital home of the parties hereto;

b. The Husband will continue to pay the regular monthly mortgage payments on the said marital home of the parties hereto;

c. The Husband will pay one-half (½) of the property taxes each year on the said marital home of the parties hereto;

d. At the time the mortgage is fully paid off by the Husband, the Husband agrees to assign his one-half (½) right, title and interest in said marital home to his son, namely: RICHARD ALAN GEDDES.

The court in its final decree incorporated the parties' agreement.

Thereafter, Susan took Richard Ralph into court alleging his failure to comply with the court's order. As part of a settlement of that matter, Richard Ralph on April 30, 1987 conveyed his one-half interest in the property to Susan as custodian for Richard Alan. This modification resulted in a consent to judgment and the Maryland court ruling that Richard Ralph no longer had a responsibility to pay one-half of the property taxes, but that the mortgage obligation continued as agreed to between the parties.

The mortgage obligation continues until 1995. At that time Richard Alan will be either 24 or 25 depending upon whether the final payment is due before or after June. Under the consent to judgment, Susan Geddes is to convey the full interest and title to Richard Alan when he becomes 21.

Section 523(a)(5) of title 11, United States Code, requires a court examining a support agreement to determine whether in fact it is support or a disguised property settlement. Here, the mortgage extends a considerable period of time beyond the time Richard Ralph would be legally required to support Richard Alan. Despite the obvious language that it is support for the child, the requirement to make mortgage payments beyond Richard Alan's 21st birthday

is more in the nature of a property settlement or a gift to Richard Alan.

Since the consent to judgment further modified the time of transfer of full title to Richard Alan at 21, it is appropriate that Richard Ralph's obligation to support be extinguished on Richard Alan's 21st birthday. Therefore, Richard Ralph's obligation to make mortgage payments is discharged.

In all other respects, I adopt the well-reasoned Memorandum Opinion and Order of Judge Carter on the issue of dischargeability entered September 29, 1988.